RICHER, Respondent, vs. CARLSON, Appellant.

*September 10—September 29, 1908.*

(1) *Justices' courts: Actions involving title to land.* (2) *Judgment: Recovery of money paid on void contract.*

1. Secs. 3619–3621, Stats. (1898), prescribing proceedings to be taken in an action in justice's court "where the title to lands shall in any wise come in question," are not limited to cases where the title to land is directly in issue. They apply to an

action to recover a share of the proceeds of a sale of land by defendant to a third person, where plaintiff claims that the sale was made under authority from him and on his account or on joint account, and defendant denies that plaintiff owns the land and claims that it belonged to himself and that the sale was made on his own account.

2. In an action to recover a share of the proceeds of a sale of land by defendant to a third person, on the ground that defendant had held the title as security for purchase money advanced by him for the use of plaintiff, it being found that defendant acquired the title to himself but orally agreed to sell to plaintiff, that plaintiff went into possession and made several payments, and that after the sale to the third person defendant repudiated such oral contract, it was not error to give judgment for plaintiff for the amount of the payments made by him under the oral agreement.

APPEAL from a judgment of the circuit court for Juneau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Veeder & Veeder,* and for the respondent on that of *J. T. Dithmar.*

Among other references upon the part of the appellant were the following: Secs. 3619, 3620, 3621, Stats. (1898); *Bird v. Kleiner,* 41 Wis. 134; *Ohse v. Bruss,* 45 Wis. 442; *Miles v. Chamberlain,* 17 Wis. 446; *Verbeck v. Verbeck,* 6 Wis. 159; secs. 2302, 2304, Stats. (1898); *Yates v. Martin,* 2 Pin. 171; *Finkelston v. C., M. & St. P. R. Co.* 94 Wis. 270, 68 N. W. 1005; *Potter v. Necedah L. Co.* 105 Wis. 25, 80 N. W. 88, 81 N. W. 118; *Jackson v. Jacksonport,* 56 Wis. 310, 14 N. W. 296; *U. S. Exp. Co. v. Jenkins,* 64 Wis. 542, 25 N. W. 549.

Among other references upon the part of the respondent were the following: *Ames v. Meehan,* 63 Wis. 408, 23 N. W. 586; *Maxim v. Wedge,* 69 Wis. 547, 35 N. W. 11; Bryant, Wis. Justice (7th ed.) 41, 43, 46; *Starks v. Redfield,* 52 Wis. 349, 9 N. W. 168; *Cumps v. Kiyo,* 104 Wis. 656, 80 N. W. 937; *Beebe v. Wis. M. L. Co.* 117 Wis. 328, 93 N. W.

1103; *Barchent v. Snyder,* 128 Wis. 423, 107 N. W. 329; sec. 1688, Stats. (1898).

TIMLIN, J.   Respondent brought an action in justice's court, averring in his complaint: "above-named plaintiff became the owner of and went into possession" of a certain piece of land, describing it.   Defendant by his answer in justice's court "denies that said plaintiff became or was the owner of the real estate in said complaint mentioned," and gave a bond under sec. 3620, Stats. (1898), and the cause was removed to the circuit court under sec. 3621.   Appellant now contends that the title to the land was not in any wise in question, notwithstanding the foregoing, because the averment of the complaint above quoted is followed by allegations showing the cause of action counted upon to be for the plaintiff's share of the proceeds of the sale of this land by defendant to a third person under power or authority from plaintiff, and that defendant denies that the land belonged to the plaintiff, but admits the sale to a third person.   He concludes, therefore, "we both agree the title is in another."

We think this is one of the very cases provided for by the statute in question, and that upon the claim of the plaintiff and the denial of the defendant, both parties admitting the sale of the land by the defendant, but plaintiff claiming the sale was made on his account or upon joint account, and the defendant claiming the land belonged to and the sale was made by him for his own account, the title to the land was in question under this statute.   We cannot limit this statute to cases where the title to land is directly in issue without doing violence to the words of the statute, which apply to all actions in which the title to lands "shall in any wise come in question."

The plaintiff attempted to establish that the defendant was a mortgagee or trustee for the plaintiff, holding the legal title by absolute deed from a third party, but as security for

part purchase money advanced by defendant for the use of
and at the request of plaintiff. The court below rejected
this claim and took the view that the defendant acquired
title from the third party to himself, but orally agreed to sell
the land to the plaintiff, and that plaintiff went into posses-
sion and made several payments, and that after the sale by
the defendant to a third party he repudiated this oral con-
tract to convey to the plaintiff; consequently the plaintiff
might recover from the defendant all payments made for the
land to the defendant, or to the use of the defendant at de-
fendant's instance or request, under this contract void by the
statute of frauds. We find no error in this disposition of
the case and affirm the judgment.

*By the Court.*—Judgment affirmed.